NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL MENDEZ, Plaintiff-Appellant, v. CITY OF BOISE, a municipal corporation; et al., Defendants-Appellees. | No. 20-35474 D.C. No. 1:20-cv-00061-BLW MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Raul Mendez appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising out of a dispute regarding

sewer fees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

668 F.3d 1108, 1112 (9th Cir. 2012).  We affirm.

The district court properly dismissed Mendez's procedural due process claim because Mendez failed to allege facts sufficient to show that he was denied any process to which he was entitled prior to being charged sewer fees.  *See Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 968-70 (9th Cir. 2003) (explaining that "laws of general applicability affecting a broad geographic area" ordinarily do not implicate individual procedural due process concerns).

The district court properly dismissed Mendez's Fair Debt Collection Practices Act ("FDCPA") claim because, even assuming the sewer fees qualified as a "debt" under the FDCPA, Mendez failed to allege facts sufficient to show that any defendant was a "debt collector" within the meaning of the FDCPA.  *See* 15 U.S.C. § 1692a(6) (defining "debt collector" under the FDCPA as "any person . . . who regularly collects or attempts to collect . . . debts owed . . . another"); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion in denying Mendez leave to amend because amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

We reject as meritless Mendez's contention that the district court failed to liberally construe his complaint.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**